UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JONES,<br><br>        Plaintiff,<br><br>v.<br><br>S. SHERMAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01070-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

     Joseph Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 10, 2018. (ECF No. 1). Plaintiff alleges that he received only one meal for dinner on Yom Kippur, when he was told he would receive two meals.

     The Court has screened the complaint under the applicable legal standards and finds that it fails to state a claim for a violation of Plaintiff's constitutional rights. The Court explains the legal standards below and recommends that the assigned district judge dismiss this case without leave to amend. If Plaintiff believes that the Court's recommendation is in error, Plaintiff should file objections within twenty-one days of the date of service of this order.

1

# I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

On September 30, 2017, Plaintiff notified the prison that he was honoring Yom Kippur. Someone from the prison told Plaintiff that he would get a special meal for the evening to take

back to his cell. But when Plaintiff returned that evening, he was just given a lunch. It had only bread and a pack of tuna. Plaintiff was told that "Jews get nothing here." Plaintiff alleges this was discrimination on the basis of Judaism.

Plaintiff attaches 602 grievances and responses from the prison. Those grievances confirm Plaintiff's complaint that the evening meal was inadequate with no vegetables or extra food. It appears there was a dispute regarding whether Plaintiff was given a single or double portion in the sack meal provided.

**III.    DISCUSSION**

    A. First Amendment and RLUIPA

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const. amend I. The United States Court of Appeals for the Ninth Circuit summarizes the application of the Free Exercise Clause in a state prison context as follows:

> The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, *Everson v. Bd. of Educ. of Ewing Twp*., 330 U.S. 1, 8, 67 S.Ct. 504, 91 L.Ed. 711 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].' " *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (alteration in original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. *See, e.g., O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Cruz*, 405 U.S. at 322, 92 S.Ct. 1079. A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. *O'Lone*, 482 U.S. at 348, 107 S.Ct. 2400.

Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).

"To prevail on their Free Exercise claim, Plaintiffs must allege facts plausibly showing that the government denied them 'a reasonable opportunity of pursuing [their] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Id. (alteration in original) (quoting Cruz, 405 U.S. at 322, 92 S.Ct. 1079). To implicate the Free Exercise Clause, a prisoner must show that the belief at issue is both "sincerely held" and "rooted in religious belief." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur,

3

514 F.3d 884–85 (noting the Supreme Court's disapproval of the "centrality" test and finding that the "sincerity" test in *Malik* determines whether the Free Exercise Clause applies). If the inmate makes his initial showing of a sincerely held religious belief, he must establish that prison officials substantially burdened the practice of his religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith. Shakur, 514 F.3d at 884–85.

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (citation and internal quotation marks omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (citation and internal quotation marks omitted)

Additionally, The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). Plaintiff must allege facts demonstrating that defendant substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation or action at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

4

"RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'" Hartmann, 707 F.3d at 1124–25 (citing San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "Generally, the term 'substantial burden' in RLUIPA is construed in light of federal Supreme Court and appellate jurisprudence involving the Free Exercise Clause of the First Amendment prior to the Court's decision in Emp't Div. Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 878–82, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)." Int'l Church of Foursquare Gospel, 673 F.3d at 1067 (citing Guru Nanak, 456 F.3d at 988). "In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Hartmann, 707 F.3d at 1124–25 (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

Applying these legal standards, the Court finds that Plaintiff has not sufficiently alleged a claim for unconstitutional burden of religion under either the Free Exercise clause or RLUIPA. Plaintiff was able to observe Yom Kippur. Plaintiff received a meal consistent with his practice.

Plaintiff's allegation that, on this one day, he received only one and not two portions of a meal does not establish a constitutional violation. The burden involved in eating only one portion of a meal on one occasion is not overly oppressive or significantly great to unduly burden his religious exercise. Plaintiff's allegations that he was told things such as "Jews get nothing" does not change this analysis (especially considering that, according to Plaintiff, he was in fact given a portion of a meal).

### B. Eighth Amendment

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and

harsh.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation.  Farmer, 511 U.S. at 834.  "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted).  Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff has alleged that he only received one portion of a meal, when he was supposed to receive two.  The Court finds that, even if true, the alleged conduct was not "sufficiently serious" to rise to the level of an Eighth Amendment violation.  See, e.g, Merriman v. Lizarraga, 2017 WL 4340041, at *6 (E.D. Cal. Sept. 29, 2017) (finding that an allegation that the plaintiff was denied one meal was "insufficient to state a cognizable civil rights claim"); Scally v. Ferrara, 2016 WL 5234691, at *5 (E.D. Cal. Sept. 22, 2016) (finding that allegations that the plaintiff was harassed and denied one meal on two separate days "do not raise to the level of an Eighth Amendment violation").  Accordingly, Plaintiff has failed to state a

cognizable Eighth Amendment claim.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint, and finds that it fails to state a claim under the relevant legal standards.

The Court does not recommend granting leave to amend. Plaintiff clearly alleged the circumstances underlying his complaint, and the Court has found that those circumstances do not state a constitutional violation for the reasons described in this order. For that reason, leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim;[1] and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **September 25, 2018**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] This Court believes this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

7